### EDWIN WELLES *vs.* EUGENE S. ALLEN.

In a bill for the settlement of a partnership account brought to the Court of Common Pleas, the jurisdiction of which is limited to five hundred dollars, the petitioner alleged that there was a balance due him of between four and five hundred dollars, and prayed that the court would decree that the respondent should pay such sum as should be found due him, not exceeding five hundred dollars. On a hearing before a committee the petitioner presented to the committee a statement of the partnership account showing a balance due him of over five hundred dollars. Held that this statement was not to be regarded as a bill of particulars.

And held that, if to be so regarded, yet it did not operate to take the case out of the jurisdiction of the court, since the petition prayed for a decree only to the amount of five hundred dollars, and any excess that might be found due the petitioner above that sum would be considered as waived.

BILL IN EQUITY, for the settlement of a partnership account; brought to the Court of Common Pleas of Hartford County. The facts were found by a committee and on its report the court (*Briscoe, J.,*) passed a decree ordering the payment by the respondent to the petitioner of the sum of $494.41. The respondent brought the record before this court by a motion in error. The case is fully stated in the opinion.*

*G. Case*, for the plaintiff in error.

*Welles*, for the defendant in error.

PARDEE, J. The petitioner brought a petition to the May term of the Court of Common Pleas for Hartford County, in which he averred that he and the respondent became partners in business on or about the first day of November, 1868, and thus continued until on or about the thirty-first day of March, 1869, when the partnership came practically to an end by the total withdrawal of the respondent from the business of the firm; that the business had been unprofitable; that the petitioner had been compelled to pay a larger portion of the indebtedness, and sustain a larger portion of the loss, than justly came upon him; that he could obtain neither re-pay-

ment from the respondent, nor a settlement of partnership accounts with him ; that an adjustment of the account would show a balance due to the petitioner, which would not be less than four hundred nor more that five hundred dollars ; asking the court to order and decree that the account should be adjusted, and that the respondent should pay to the petitioner such sum as such adjustment should show to be due to him, not exceeding the sum of five hundred dollars.

The court appointed a committee to hear testimony and report the facts in the cause. Upon the hearing the petitioner presented to the committee a statement of the partnership account, in which he claimed the sum of $543.81 to be due from the respondent to himself.

The respondent insists that this statement is what is known in our pleadings and practice as a bill of particulars, and that the effect of the presentation thereof is to place the cause beyond the jurisdiction of the Court of Common Pleas.

We are of opinion that he is not technically accurate in the name which he gives to this paper, in view of the manner of its introduction into the case, and that he attributes to it too much power over the question of jurisdiction. In the recent case of *Grether* v. *Klock*, 39 Conn. R., 133, this court, speaking of a paper of similar character, presented upon a hearing in similar manner, said, " We think such a document is not necessarily a bill of particulars ; it does not appear to have been filed as such, so as by such filing to become a part of the record." It does not appear that this statement came in obedience to any order of the court, or that it was ever filed with the clerk thereof, or formally made a part of the record in this cause. After its presentation the petitioner could have withdrawn the paper itself or items from it, without leave of the court, exposing himself only to the inference which his antagonist could draw from such an act.

But, waiving this, and conceding the statement to be a bill of particulars in the strictest sense, and that it shows the claim of the petitioner to be $543.81, the case is not thereby, of necessity, taken from the jurisdiction of the court. In the closing prayer of his petition the petitioner asks the court

to decree that the respondent shall pay to him a sum not
exceeding five hundred dollars, by way of adjusting the claim
set forth in his petition. This we regard as a declaration
that, even if upon final accounting a greater sum shall be
found due to him, he will yet accept the less in full satisfaction and payment thereof; and we think that this declaration controls the statement of account. In the case above
cited this court said that the bill of particulars, so far from
controlling the matter of jurisdiction, is itself liable to amendment upon motion, for the mere purpose of being put in accord with the *ad damnum* clause.

We find no reason for changing the rule under which, in
our practice, the plaintiff has been allowed to state the matter
in demand in the *ad damnum* clause of his writ, and by
amendment make his bill of particulars conform thereto.

There is no error in the judgment of the Court of Common
Pleas.

In this opinion the other judges concurred.